AUSA Renai S. Rodney 312-353-4064

# UNITED STATES DISTRICT COURT
### FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

**FILED**
NOV 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### AFFIDAVIT OF INDICTMENT IN REMOVAL PROCEEDINGS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) **MAGISTRATE JUDGE COLE** |
| DAVID ARREDONDO | ) |
| | ) |
| NORTHERN DISTRICT OF ILLINOIS | ) CASE NUMBER  07CR 786 |

The undersigned Affiant personally appeared before JEFFREY COLE, a United States Magistrate Judge, and being duly sworn on oath, states: That at the SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION, one DAVID ARREDONDO, was charged by indictment (attached hereto) with violations of Section 1956(a)(1)(a), of the United States Code, Title 18, and that on the basis of Affiant's investigation and information received concerning the case through official channels, does hereby certify that a Warrant for Arrest (also attached) is outstanding for the arrest of said defendant.

Wherefore, Affiant prays that the defendant be dealt with according to law.

_George P. Peters_
GEORGE PETERS
Deputy U.S. Marshal
United States Marshal Service of the
Northern District of Illinois

Subscribed and Sworn to before me this
29th day of November, 2007.

_Jeffrey Cole_
JEFFREY COLE
United States Magistrate Judge

AUSA Renai S. Rodney

Bond set [or recommended] by issuing Court at _____

United States Courts
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JUN 18 2007

Michael N. Milby, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | Criminal Number |
| | § | **H 07 -250** |
| JOSE ROBERTO FLORES | § | |
| NESTOR GONZALEZ | § | |
| PATRICIA GARCIA PEREZ | § | |
| DEVORA ARREDONDO | § | |
| DAVID ARREDONDO | § | |
| FREDRICK CRAIG OLIVER | § | |

### INDICTMENT

THE GRAND JURY CHARGES THAT:

### COUNT ONE

*[21 U.S.C. 846 – Conspiracy to possess with Intent to Distribute a Controlled Substance]*

On or about and between September 19, 2006, and up and until the date of this indictment, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOSE ROBERTO FLORES
NESTOR GONZALEZ
and
PATRICIA GARCIA PEREZ,**

Defendants herein, together with persons known and unknown to the Grand Jury, did unlawfully, knowingly and intentionally agree, conspire and confederate with each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with the intent to distribute a controlled substance. This offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.



In violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A) and 846.

### COUNT TWO

*[21 U.S.C. 841 - Possession With Intent to Distribute; 18 U.S.C. 2 - Aiding and Abetting]*

On or about September 19, 2006, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOSE ROBERTO FLORES
NESTOR GONZALEZ
and
PATRICIA GARCIA PEREZ,**

Defendants herein, and others known and unknown to the Grand Jury, did knowingly and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance

In violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### COUNT THREE

*[21 U.S.C. 841 - Possession With Intent to Distribute; 18 U.S.C. 2 - Aiding and Abetting]*

On or about November 18, 2006, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court,

**JOSE ROBERTO FLORES**

Defendant herein, and others known and unknown to the Grand Jury, did knowingly and intentionally aid, abet and assist each other to commit an offense defined in Title 21, United

States Code, Section 841(a)(1), that is, to possess with intent to distribute a controlled substance. This offense involved 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(A) and Title 18, United States Code, Section 2.

## CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS

THE GRAND JURY FURTHER CHARGES THAT

### COUNT FOUR

*[18 U.S.C. 1956 - Conspiracy to Launder Monetary Instruments]*

From on or about October of 2006, and continuously thereafter, up to and including the date of the indictment, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

**JOSE ROBERTO FLORES**
**DEVORA ARREDONDO**
**DAVID ARREDONDO**
and
**FREDRICK CRAIG OLIVER**

Defendants herein, did knowingly and intentionally agree, combine, conspire and confederate with each other and others known and unknown to the Grand Jury, to commit the following offenses against the United States in violation of Title 18, United States Code, Section 1956(a)(1)(A),

to wit:

To knowingly conduct and cause to be conducted financial transactions affecting interstate and foreign commerce, that is, the transfer and delivery of United States currency,



which represented the proceeds of a specified unlawful activity, namely, violations of Title 21, United States Code, Sections 841 and 846, with the intent to promote the carrying on of said specified unlawful activity and knowing the funds represented the proceeds of some form of unlawful activity.

In violation of Title 18, United States Code, Section 1956(h).

### Manner and Means of The Conspiracy

1. It was part of the conspiracy that one or more of the conspirators would request or direct one or more other members of the conspiracy to travel to locations to collect or acquire possession of narcotics proceeds from individuals to whom narcotics shipments had previously been delivered.

2. It was further part of the conspiracy that following the collection or acquisition of the narcotics proceeds, one or more of the conspirators would request or direct one or more members of the conspiracy to transport the narcotics proceeds to other individuals for subsequent disposition and transfer.

3. It was further a part of the conspiracy that one or more members of the conspiracy would be paid money for transporting, transferring, and disposing of the narcotics proceeds to the care of others.

All in violation of Title 18 United States Code, Section 1956 (h)



## COUNT FIVE

*[18 U.S.C. 1956 - Money laundering; 18 U.S.C. 2 - Aiding and Abetting]*

On or about March 28, 2007, in the Southern District of Texas, the defendants

**JOSE ROBERTO FLORES**
**DEVORA ARREDONDO**
**and**
**DAVID ARREDONDO**

did knowingly and willfully aid, abet and assist each other in conducting and attempting to conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer and delivery of United States Currency, which involved the proceeds of a specified unlawful activity, that is possession with the intent to distribute a controlled substance, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is the approximate $82,000.00 (eighty-two thousand dollars), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Title 18, United States Code, Section 2.

## COUNT SIX

*[18 U.S.C. 1956 - Money laundering; 18 U.S.C. 2 - Aiding and Abetting]*

On or about April 10, 2007, in the Southern District of Texas, the defendants

**JOSE ROBERTO FLORES**
**and**
**FREDRICK CRAIG OLIVER**

did knowingly and willfully aid, abet and assist each other in conducting and attempting to

conduct a financial transaction affecting interstate and foreign commerce, to wit: the transfer and delivery of United States Currency, which involved the proceeds of a specified unlawful activity, that is possession with the intent to distribute a controlled substance, with the intent to promote the carrying on of the specified unlawful activity, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is the approximate $135,000.00 (one hundred and thirty five thousand dollars), represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE

*[21 U.S.C. 853 - Criminal Forfeiture]*

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of Sections 841 and 846 as alleged in Counts 1, 2 and 3, notice is given that the defendants:

> JOSE ROBERTO FLORES
> DEVORA ARREDONDO
> DAVID ARREDONDO
> FREDRICK CRAIG OLIVER
> NESTOR GONZALEZ
> and
> PATRICIA GARCIA PEREZ

shall forfeit to the United States:

1. property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

2. property used or intended to be used, in any manner or part, to commit, or to



facilitate the commission of, such violation.

## Substitute Assets

In the event that the property that is subject to forfeiture pursuant to Title 21, United States Code, Sections 841, 846 and 853 as a result of any act or omission of the defendants;

1. cannot be located upon exercise of due diligence;

2. has been placed beyond the jurisdiction of the Court;

3. has been transferred or sold to, or deposited with a third party;

4. has been substantially diminished in value;

5. has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of such property, pursuant to Title 21, United States Code, Section 853 (p), and Title 18, United States Code, Section 982 (b)(1) incorporating Title 21, United States Code, Section 853 (p).

**A TRUE BILL**

**Original Signature on File**

DONALD J. DeGABRIELLE, JR
United States Attorney

By: STUART A. BURNS
Assistant United States Attorney
(713) 567-9580

DEA 1345844

# United States District Court

## SOUTHERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA | WARRANT FOR ARREST |
|---|---|
| V. | |
| David Arredondo | CASE NUMBER: 4:07-CR-250-05 |

To: The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED TO ARREST** David Arredondo

and bring him or her forthwith to the nearest magistrate to answer a(n)

[X] Indictment  [ ] Information  [ ] Complaint  [ ] Order of Court  [ ] Violation Notice  [ ] Probation Violation Petition

charging him or her with (brief description of offense):

Count 4: Conspiracy to Launder Monetary Instruments
Count 5: Money Laundering

in violation of Title United States Code, Section(s)    18:1956; 18:1956

| Michael N. Milby | Clerk |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| by /s/ Deputy Clerk | Houston, TX    6/19/2007 |
| Signature of Issuing Officer | Location and Date |

Government Requests
Bail Fixed at _____    by    Calvin Botley
United States Magistrate Judge

### RETURN

This warrant was received and executed with the arrest of the above-named defendant at:

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | CRIMINAL NO: |
| v. | § § | **H 07 -250** |
| DAVID ARREDONDO | § § § § § § § § § § | |

07 JUN 25 PM 4:20

SOUTHERN DIST. S/TX

## ORDER FOR ISSUANCE OF BENCH WARRANT

A    CRIMINAL INDICTMENT    has been returned against the defendant listed below.

It is ORDERED that a warrant be issued for the arrest of said defendant. Upon arrest and appearance, a judicial determination shall be made as to detention or release on conditions. The United States Government recommends to the Court the following:

Defendant

DAVID ARREDONDO

☒ DETENTION

☐ RELEASED ON CONDITIONS

☐ APPEARANCE BOND IN THE AMOUNT OF: $

SIGNED at Houston, Texas, on _____June 18_____

TRUE COPY I CERTIFY
ATTEST: 6-26-07
Michael N. Milby, Clerk of Court
By: _____
Deputy Clerk

UNITED STATES MAGISTRATE JUDGE